The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

RENEE KVEK, individually and as a representative of a class of all others similarly situated and on behalf of the Cushman & Wakefield 401(k) Plan,

Plaintiff,

v.

CUSHMAN & WAKEFIELD, U.S., INC., CUSHMAN & WAKEFIELD INVESTMENT COMMITTEE, and JOHN and JANE DOES 1-20,

Defendants.

Case No. 2:26-cv-00736-JHC

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND NOTICE OF INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NOTE ON MOTION CALENDAR: May 28, 2026**

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - i

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

LEGAL STANDARD....................................................................................................................2

ARGUMENT .................................................................................................................................4

    I.     This Court Should Consider Exhibits 1 and 6 Because They Are Central to Plaintiff's Claims and Resolve Jurisdictional Issues. ...............................................4

    II.    The Plan's Publicly Available Form 5500s (Exhibits 2 and 3)Are Properly Subject to Judicial Notice. ........................................................................................7

    III.   Consideration of Exhibits 4 and 5 Is Proper Because They Are Incorporated by Reference By Plaintiff In Her Complaint and Central to Her Claims. .................................................................................................................8

    IV.   All Publicly Available Documents Cited Within Defendants' Motion to Dismiss Are Properly Subject to Judicial Notice or the Doctrine of Incorporation by Reference...................................................................................9

        A.    Publicly Available Documents Concerning the Westwood Fund's Treatment of Climate Risk Are Judicially Noticeable, Subject to Incorporation by Reference, and Resolve Jurisdictional Issues.................11

        B.    Publicly Available Fund Prospectuses Are Judicially Noticeable and Subject to Incorporation by Reference.................................................11

        C.    Publicly Available Webpages Reflecting the Current State of the Market Are Judicially Noticeable. ...........................................................12

        D.    Publicly Available Industry Sources Are Properly Subject to Judicial Notice. ......................................................................................13

CONCLUSION.............................................................................................................................13

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - ii

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adhvaryu v. Bank of Am., N.A.*,
  No. CV 18-1836, 2019 WL 6499211 (C.D. Cal. Aug. 1, 2019).................................................4

*Andersen v. DHL Retirement Pension Plan*,
  766 F.3d 1205 (9th Cir. 2014) ................................................................................................9

*Beldock v. Microsoft Corp.*,
  No. C22-1082, 2023 WL 1798171 (W.D. Wash. Feb. 7, 2023) ..............................................6

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)...................................................................................................................6

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ................................................................................................3

*Davis v. Salesforce.com*,
  No. 20-CV-01753, 2020 WL 5893405 (N.D. Cal. Oct. 5, 2020) .......................................7, 12

*Dog Walkin Divas LLC v. Washington Fed., Inc.*,
  No. C20-1414, 2021 WL 2309675 (W.D. Wash. May 28, 2021), *report and
  recommendation adopted*, 2021 WL 2823171 (W.D. Wash. July 7, 2021), *and
  report and recommendation adopted*, 2021 WL 3667016 (W.D. Wash. Aug.
  18, 2021) ............................................................................................................................2, 11

*Dorman v. Charles Schwab Corp.*,
  No. 17-cv-285, 2019 WL 580785 (N.D. Cal. Feb. 8, 2019)...........................................7, 8, 9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
  528 U.S. 167 (2000)..................................................................................................................2

*GTE Cal, Inc. v. FCC*,
  39 F.3d 940 (9th Cir. 1994) ......................................................................................................2

*Joyce v. Amazon.com, Inc.*,
  No. 22-cv-00617, 2023 WL 8370101 (W.D. Wash. Dec. 4, 2023) ........................................12

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ...............................................................................................4, 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ...................................................................................4, 6

*Kong v. Trader Joe's Co.*,
   No. 20-CV-05790, 2020 WL 5814102 (C.D. Cal. Sept. 24, 2020) .....................................5, 7

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ..........................................................................................3

*McCarthy v. United States*,
   850 F.2d 558 (9th Cir. 1988) .......................................................................................3, 4

*McWashington v. Nordstrom, Inc.*,
   No. C24-1230, 2025 WL 1736765 (W.D. Wash. June 23, 2025).....................................3, 5, 8

*Megan Iudice v. Anker Innovations Ltd. et al.*,
   No. 5:25-CV-01483, 2026 WL 1048191 (C.D. Cal. Mar. 31, 2026).........................................4

*Metzler Inv. GMHB v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ........................................................................................11

*Michael v. Blue Cross of Cal.*,
   No. 2:20-CV-01836, 2020 WL 4586967 (C.D. Cal. Aug. 7, 2020) .........................................7

*Prescott v. Abbott Lab'ys*,
   736 F. Supp. 3d 775 (N.D. Cal. 2024) ...............................................................................9

*Replenium Inc. v. Albertsons Companies, Inc.*,
   No. 24-cv-01281, 2025 WL 460057 (W.D. Wash. Feb. 11, 2025)...........................................9

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ..........................................................................................4

*Smith v. Legacy Partners, Inc.*,
   No. 21-cv-00629, 2022 WL 1607949 (W.D. Wash. May 20, 2022) .......................................3

*Studen v. Funko, Inc.*,
   No C23-0824, 2024 WL 2209686 (W.D. Wash. May 16, 2024) *reversed on
   other grounds Construction Laborers Pension Trust of Greater St. Louis v.
   Funko Inc.*, 166 F.4th 805 (9th Cir. 2026)...............................................................9, 11, 12

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007)......................................................................................................3

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - iv

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

*Terraza v. Safeway Inc.*,
241 F. Supp. 3d 1057 (N.D. Cal. 2017) .............................................................................7, 13

**Statutes**

29 U.S.C.A. § 1024(a) .......................................................................................................7

**Other Authorities**

Fed. R. Evid. 201(b)(2) .....................................................................................................3

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - v

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

## INTRODUCTION

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants, Cushman & Wakefield, U.S., Inc. ("Cushman") and Cushman & Wakefield Investment Committee (the "Committee"), respectfully request that this Court consider Exhibits 1 through 6 (the "Exhibits") attached to the Declaration of Kari Ortbals ("Ortbals Declaration"), in addition to certain judicially noticeable webpages, in addressing Defendants' concurrently filed Motion to Dismiss Plaintiff's Complaint, ECF. No. 1 (the "Complaint" or "Compl."), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

- **Exhibit 1.** A true and correct copy of relevant excerpts of the Fidelity Investments Retirement Plan Service Agreement ("Fidelity Service Agreement"), executed on September 28, 2021, a document central to the arguments underlying Plaintiff's complaint.

- **Exhibit 2.** Cushman & Wakefield 401(k) Plan 2020 Form 5500, which is publicly available online.

- **Exhibit 3.** Cushman & Wakefield 401(k) Plan 2021 Form 5500 (together with Exhibit 2, the "Form 5500s"), which is publicly available online.

- **Exhibit 4.** A true and correct copy of the Plan's Participant Disclosure Notice for 2021, which is referenced in Plaintiff's Complaint.

- **Exhibit 5.** A true and correct copy of the Plan's Participant Disclosure Notice for 2025 (together with Exhibit 4, the "Disclosure Notices"), which is referenced in Plaintiff's Complaint.

- **Exhibit 6.** A true and correct copy of the Plan's Retirement Savings Statements for Renee Kvek, from April 1, 2022 through December 11, 2025 ("Quarterly Statements"), a document central to the arguments underlying Plaintiff's complaint.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 1

As explained below, courts routinely incorporate by reference and/or take judicial notice of such documents in connection with motions to dismiss in ERISA[1] cases. These documents may properly be considered by the Court in connection with Defendants' Motion to Dismiss because they are (1) incorporated by reference into the Complaint, and/or (2) subject to judicial notice under Rule 201 of the Federal Rules of Evidence. Plaintiff anchors her underperformance, excessive fee, and prohibited transactions claims on information contained within the Cushman & Wakefield 401(k) Plan (the "Plan") documents, the Plan's public filings, the Westwood Quality SmallCap Fund's (the "Westwood Fund") public filings, online articles, industry studies, and other documents publicly available or otherwise made available to Plaintiff and other participants invested in the Westwood Fund. Accordingly, the exhibits and documents cited in or attached to Defendants' concurrently filed Motion to Dismiss are appropriate for this Court's consideration as explained more fully below.

### LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint under Rules 12(b)(1) and 12(b)(6), as she cannot establish standing and has failed to sufficiently state a claim upon which relief can be granted. "When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court may look beyond the complaint." *Dog Walkin Divas LLC v. Washington Fed., Inc.*, No. C20-1414, 2021 WL 2309675, at *2 (W.D. Wash. May 28, 2021), *report and recommendation adopted*, 2021 WL 2823171 (W.D. Wash. July 7, 2021), *and report and recommendation adopted*, 2021 WL 3667016 (W.D. Wash. Aug. 18, 2021). Under Article III of the Constitution, the Court's jurisdiction over a claim before it "depends on the existence of a 'case or controversy.'" *GTE Cal, Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994). Plaintiff bears the burden of establishing that she has standing before this Court. *Friends of the Earth, Inc. v. Laidlaw Envtl.*

---

[1] The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 2

*Servs., Inc.*, 528 U.S. 167, 180-81 (2000). Accordingly, "when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

In evaluating a motion to dismiss under Rule 12(b)(6), federal courts may grant judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). On a motion to dismiss for failure to state a claim, a court likewise "may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" and "may treat such a document as part of the complaint." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (internal quotations omitted); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Under the incorporation by reference doctrine, courts may consider documents that are: (1) referenced in the complaint; (2) central to the plaintiff's claims; and (3) concededly authentic. *See Smith v. Legacy Partners, Inc.*, No. 21-cv-00629, 2022 WL 1607949, at *2 (W.D. Wash. May 20, 2022) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). The doctrine of incorporation by reference "serves the purpose of preventing plaintiffs from cherry picking among [referenced document] terms, perhaps omitting [provisions which] 'weaken—or doom—their claims.'" *McWashington v. Nordstrom, Inc.*, No. C24-1230, 2025 WL 1736765, at *2 (W.D. Wash. 2025) (citation omitted). This doctrine extends to "situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court may treat all documents subject to incorporation by reference as "part of the complaint," and "assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Adhvaryu v. Bank of Am., N.A.*, No. CV 18-1836, 2019 WL 6499211, at *2 (C.D. Cal. Aug. 1, 2019) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

## ARGUMENT

This Court should consider the materials before it which 1) Plaintiff incorporates by reference in her Complaint, and/or 2) are subject to judicial notice. This Court should do so because the documents Defendants submit in support of their Motion to Dismiss are either publicly available, extensively relied on in the Complaint, and/or central to the Complaint. Therefore, this Court may properly consider Exhibits 1-6 as well as certain judicially noticeable webpages in deciding Cushman's Motion to Dismiss.

I.     **This Court Should Consider Exhibits 1 and 6 Because They Are Central to Plaintiff's Claims and Resolve Jurisdictional Issues.**

Even when a document is not attached to a complaint, a court may treat a document as incorporated by reference if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018) (cleaned up). To form the basis of a plaintiff's complaint, the documents sought to be incorporated must underpin the plaintiff's claims. *See Knievel*, 393 F.3d at 1076. Further, "when the existence of jurisdiction turns on disputed factual issues, the district court must resolve the factual disputes itself." *Megan Iudice v. Anker Innovations Ltd. et al.*, No. 5:25-CV-01483, 2026 WL 1048191, at *2 (C.D. Cal. Mar. 31, 2026) (cleaned up); *see also McCarthy*, 850 F.2d at 560 (holding that the court may "review any evidence, such as affidavits and testimony, to resolve

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT. TO DISMISS (NO. 2:26-cv-00736-JHC) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

factual disputes concerning the existence of jurisdiction."). This Court may properly consider the relevant excerpts of the Fidelity Service Agreement (Exhibit 1) and Plaintiff Kvek's Quarterly Statements (Exhibit 6) on a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) because these documents demonstrate that Plaintiff does not have standing and they additionally underpin her claims.

This Court should consider the relevant excerpts of the Fidelity Service Agreement (Exhibit 1) in deciding Defendants' Motion to Dismiss. The Fidelity Service Agreement is the operative document that governs the Plan's fee arrangements with Fidelity. Plaintiff alleges that she was harmed by the allegedly excessive fees charged by Fidelity and seeks permanent injunctive relief to remedy the purported injury she suffered. Compl. ¶¶ 161-62, 168-82, 198. Thus, Plaintiff's theory of excessive fees factually depends on her *actually* being charged excessive fees by Fidelity. Therefore, because Plaintiff's claims are premised on allegations of excessive fees, the service agreement that outlines those fees and their terms (including their refund mechanism) is central to Plaintiff's theory. And Courts in this Circuit "regularly take judicial notice of the types of documents at issue here." *Kong v. Trader Joe's Co.*, No. 20-CV-05790, 2020 WL 5814102, at * 3 (C.D. Cal. Sept. 24, 2020). In *Kong*, the court took judicial notice of a record-keeping and administrative service agreement between the plan sponsor and the provider in a case involving allegations of unreasonable fees and imprudent revenue-sharing agreements. *Id.* This Court should do the same here as the Fidelity Service Agreement is central to Plaintiff's claims.

Similarly, the Quarterly Statements (Exhibit 6)[2] for named plaintiff Renee Kvek are central to her claims concerning the harm she allegedly suffered as a result of the purported excessive fees

---

[2] Incorporation by reference is additionally appropriate because Plaintiff was already in possession of the Quarterly Statements before filing this action, having received them through a document request to Defendants. Plaintiff cannot selectively rely on the Plan's fee structure to support her claims while resisting consideration of the very documents the Plan provided to her that show how those fees were applied and refunded. This Court should not permit such "cherrypicking." *See McWashington*, 2025 WL 1736765, at *2 (quoting *Khoja*, 899 F.3d at 1002).

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

charged by the Westwood Fund. *See* Compl. ¶ 125. The Quarterly Statements reflect the funds Plaintiff was actually invested in, her account balances, the value of the funds, and the fees charged by those funds. Yet, Plaintiff failed to attach the Quarterly Statements, which she regularly received, to her Complaint. Just as in *Knievel* where the determination of whether plaintiff had been defamed necessarily depended on seeing the allegedly defamatory photo and the context that surrounded it, Plaintiff here rests her claims on the charging of fees, and the Quarterly Statements are the documents that indicate how those fees were applied and credited. *See* 393 F.3d at 1078.

Additionally, incorporation by reference is further warranted because the Quarterly Statements and the Fidelity Service Agreement directly undermine Plaintiff's standing to bring suit and request for injunctive relief. For Article III standing, "a plaintiff must plausibly allege that he or she is likely to suffer future injury from the conduct her or she seeks to enjoin." *Beldock v. Microsoft Corp.*, No. C22-1082, 2023 WL 1798171 at *5 (W.D. Wash. Feb. 7, 2023) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983)). Yet, the Quarterly Statements reveal that Westwood Fund was no longer listed as one of Plaintiff's investments in her account beginning on October 1, 2024, through at least December 11, 2025 and that the fees were credited back to her account. Likewise, the Fidelity Service Agreement memorializes the process for crediting fees back to participants. Just as the plaintiffs in *Beldock* could not plausibly allege future injury because they were no longer participants in the plan, Plaintiff here cannot plausibly allege a threat of future harm from fees that were both credited back to her account and that are derived from a fund she no longer invests in. Therefore, excluding Exhibits 1 and 6 from the Court's consideration would allow Plaintiff to seek injunctive relief, while concealing the documents that demonstrate no such future harm exists.

For the reasons explained above, this Court should therefore find that Exhibits 1 and 6 are incorporated by reference and properly considered on Defendants' Motion to Dismiss.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## II.    The Plan's Publicly Available Form 5500s (Exhibits 2 and 3)Are Properly Subject to Judicial Notice.

The Court may take judicial notice of the Plan's Form 5500s, attached as Exhibits 2 and 3 to the Ortbals Declaration. The Department of Labor and ERISA require benefit plan sponsors to file a Form 5500 as an annual disclosure to be published on its online database. *See* 29 U.S.C.A. § 1024(a). Therefore, because the Form 5500s are made publicly available on a government agency's website they are "not subject to reasonable dispute." *Michael v. Blue Cross of Cal.*, No. 2:20-CV-01836, 2020 WL 4586967, at \*3 (C.D. Cal. Aug. 7, 2020). And Courts in the Ninth Circuit consistently recognize Form 5500s as proper subjects of judicial notice when considering motions to dismiss pursuant to Rule 12(b)(6). For example, in *Terraza v. Safeway Inc.*, the court took judicial notice of several plan-related documents, including Form 5500s in an action involving excessive fee allegations "because the Plaintiff's complaint incorporate[d] each of those documents by reference, the complaint necessarily relie[d] on those documents, and neither party question[ed] their authenticity or relevance." 241 F. Supp. 3d 1057, 1067 (N.D. Cal. 2017). *See also Davis v. Salesforce.com*, No. 20-CV-01753, 2020 WL 5893405, at \*1 n. 2 (N.D. Cal. Oct. 5, 2020) (taking judicial notice of Form 5500s); *Dorman v. Charles Schwab Corp.*, No. 17-cv-285-CW, 2019 WL 580785, at \*3 (N.D. Cal. Feb. 8, 2019); *Kong*, 2020 WL 5814102, at \* 3.

Just as in *Terraza*, Plaintiff's claims here similarly concern the amount of administrative and recordkeeping fees charged to the Plan and its participants. In her Complaint, Plaintiff specifically alleges that the excessive fees arise from Fidelity's sub-transfer agency fees ("Sub-TA fees") of 0.10%. *See* Compl. ¶ 125. The specific percentage of indirect fee compensation is information reported on the Form 5500s. Plaintiff's reliance on these figures suggests that the Complaint's allegations regarding the Sub-TA fees are drawn from the Form 5500s. Courts in this circuit have taken judicial notice of documents that a plaintiff relies on but does not attach to her

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT. TO DISMISS (NO. 2:26-cv-00736-JHC) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

complaint. *See Dorman*, 2019 WL 580785, at *3 (taking notice of reports under incorporation by reference doctrine which "contain[ed] figures which [plaintiff] has relied upon although he did not cite them in his" complaint).

Plaintiff also incorrectly alleges that Fidelity—as the Plan's investment advisor—influenced the selection of the Westwood Fund and received additional compensation from the Westwood Fund's inclusion in the Plan. *See* Compl. ¶ 17, 135. These allegations are central to Plaintiff's breach of duty of loyalty and prohibited transactions claims. However, the publicly available Form 5500s make clear that Fidelity did not serve as the Plan's investment advisor. Ortbals Decl. at ¶ 9; *id.*, Ex. 2 at p. 7 (listing Aon Hewitt Investment Consulting as the Plan's investment advisor); *id.*, Ex. 3 at p. 7 (same).[3] Plaintiff should not be permitted to cherry-pick the information that suits her from the Plan's public filings, namely the Sub-TA fees charged by the Westwood Fund, while omitting and thereby preventing the court from considering information that weakens her claims. *See McWashington*, 2025 WL 1736765, at *2.

This Court should therefore consider the Form 5500s, because those forms are publicly available and Plaintiff relies on information contained within them in her Complaint. Accordingly, because Exhibits 2 and 3 meet the standards for both judicial notice under Rule 201 and incorporation by reference, this Court should consider them in ruling on Defendants' Motion to Dismiss under Rule 12(b)(6).

**III.   Consideration of Exhibits 4 and 5 Is Proper Because They Are Incorporated by Reference By Plaintiff In Her Complaint and Central to Her Claims.**

Exhibits 4 and 5 are the Disclosure Notices issued September 13, 2021, and September 8, 2025 respectively. These documents are referenced directly by Plaintiff, who states "the fee disclosures that Defendants provided to participants . . . identified the Russell 3000 Index as the

---

[3] All pin citations to exhibits herein refer to the ECF number assigned to the respective page upon filing.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

appropriate benchmark for the Westwood Fund." Compl. ¶ 91. She further references the information contained within these documents (the fees themselves). *Id.* ¶ 117. Plaintiff thus relies on the information included in these plan documents in bringing her claims concerning the purportedly excessive fees charged by the Westwood Fund. In asserting the Disclosure Notices themselves disclosed fees charged by the Plan and identified the Russell 3000 as the "appropriate benchmark[s]" for the Westwood Fund, Plaintiff anchors her excessive fee and underperformance claims in the Disclosure Notices. *Id.* ¶ 91. Incorporation of these plan documents is proper as courts in the Ninth Circuit have found. *See Andersen v. DHL Retirement Pension Plan*, 766 F.3d 1205, 1213 n.6 (9th Cir. 2014) (finding plan documents were incorporated by reference into a complaint); *Dorman*, 2019 WL 580785, at *3 (taking judicial notice of "various notices to plan participants regarding the Plan's investment options").

**IV.     All Publicly Available Documents Cited Within Defendants' Motion to Dismiss Are Properly Subject to Judicial Notice or the Doctrine of Incorporation by Reference.**

This Court may take judicial notice of publicly available non-governmental websites if the facts they contain are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Studen v. Funko, Inc.*, No. C23-0824, 2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024) (granting judicial notice of publicly available documents pursuant to the standard set forth in Fed. R. Evid. 201) *reversed on other grounds Construction Laborers Pension Trust of Greater St. Louis v. Funko Inc.*, 166 F.4th 805 (9th Cir. 2026); *see also Prescott v. Abbott Lab'ys*, 736 F. Supp. 3d 775, 782 (N.D. Cal. 2024); *Replenium Inc. v. Albertsons Companies, Inc.*, No. 24-cv-01281, 2025 WL 460057, at *7 (W.D. Wash. Feb. 11, 2025) (taking judicial notice of publicly available websites when plaintiff did not dispute their accuracy or public availability). Here, all of the documents cited within Defendants' Motion to Dismiss are subject to judicial notice as they

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

are publicly available, not subject to reasonable dispute, and generally known. Additionally, several of the documents cited within Defendants' Motion to Dismiss are cited, directly referenced, or central to Plaintiff's Complaint. Furthermore, the documents concerning the Westwood Fund's treatment of climate risk directly bear on Plaintiff's ability to establish standing for her breach of fiduciary duty claims. The publicly available documents cited within Defendants' Motion to Dismiss are listed below:

- Westwood Holdings Group, *Public RI Report* (2021) https://perma.cc/FZ2N-55KU

- Westwood Group*, ESG Policy* (March 2025) https://westwoodgroup.com/wp-content/uploads/2025/03/Westwood-ESG-Policy_March-2025-doc-FINAL-1.pdf

- Westwood Funds, *Quality SmallCap Fund Ultra Share Class Summary Prospectus* (March 1, 2021) https://www.sec.gov/Archives/edgar/data/878719/000139834421005924/fp0063113_497k.htm

- Dimensional Fund Advisors LP, *U.S. Small Cap Value Portfolio Institutional Share Class Summary Prospectus* (February 28, 2021) https://www.sec.gov/Archives/edgar/data/355437/000119312521059830/d95670d497k.htm

- Morningstar, *Westwood Quality SmallCap Fund Ultra Shares: Performance* https://www.morningstar.com/funds/xnas/wwsyx/performance

- Morningstar, *Vanguard Russell 3000 Index Fund Institutional Shares: Performance* https://www.morningstar.com/funds/xnas/vrttx/performance

- Morningstar, *DFA U.S. Small Cap Value Portfolio Institutional Class: Performance* https://www.morningstar.com/funds/xnas/dfsvx/performance

- BrightScope and Inv. Co. Inst., *BrightScope/ICI Defined Contribution Plan Profile: A Close Look at 401(k) Plans, 2022* (March 2025) www.ici.org/files/2025/25-rpt-dcplan-profile22-401k.pdf

- Adam Hayes, *Russell 3000 Index: Stocks and Limitations*, Investopedia (October 2, 2025) https://www.investopedia.com/terms/r/russell_3000.asp.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT. TO DISMISS (NO. 2:26-cv-00736-JHC) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

A.   **Publicly Available Documents Concerning the Westwood Fund's Treatment of Climate Risk Are Judicially Noticeable, Subject to Incorporation by Reference, and Resolve Jurisdictional Issues.**

The Westwood Public RI Report is not only referenced in Plaintiff's Complaint, but cited (and hyperlinked) in order to support her contention that the Westwood Fund did not consider climate risk. Compl. at ¶ 102, n. 84. It is a publicly available document whose contents are regulated for factual veracity and therefore not subject to reasonable dispute. *See Studen*, 2024 WL 2209686, at *6. Plaintiff points the Court to the Westwood Public RI Report to support her argument that Westwood failed to identify "any climate-related risks or opportunities." Compl. at ¶ 102, n. 84. Beyond this, Plaintiff's claim that Defendants breached their ERISA imposed fiduciary duties rests firmly on her allegations about the contents of this document. Likewise, the Westwood Group's March 2025 ESG Policy, another publicly available document, is essential to Plaintiff's claims that the Westwood Fund was blind to climate risk, underpinning her underperformance claims. *Id*. at ¶ 102, 105. Defendants have moved to dismiss Plaintiff's Complaint under Rule 12(b)(1), because Plaintiff has not shown any injury stemming from the Westwood Fund's purported "climate risk blindness," and this Court is not restricted to the face of the pleadings in deciding such jurisdictional issues. *See Dog Walkin Divas LLC v. Washington Fed., Inc.*, No. C20-1414, 2021 WL 2309675, at *2 (W.D. Wash. May 28, 2021). Therefore, this Court should consider the Westwood Public RI Report and the Westwood Group's ESG Policy under the incorporation by reference doctrine and Federal Rule of Evidence 201 to properly evaluate Plaintiff's claims and standing before this Court.

B.   **Publicly Available Fund Prospectuses Are Judicially Noticeable and Subject to Incorporation by Reference.**

The Westwood Fund's and Dimensional Fund Advisors' ("DFA") prospectuses are publicly available documents attached to SEC filings. SEC filings are matters of public record

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

which may be judicially noticed. *Metzler Inv. GMHB v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008). Certainly, securities fraud actions brought under Section 10(b) come in this Circuit with a warning that the taking of judicial notice of SEC filings should be carefully weighed to not infringe on a Plaintiff's already high pleading standard. *Joyce v. Amazon.com, Inc.*, No. 22-cv-00617, 2023 WL 8370101, at *3-4 (W.D. Wash. Dec. 4, 2023). This ERISA action, without a heightened pleading standard, demands no such consideration. Further, Plaintiff herself references the Westwood Fund prospectus, and the contents included therein, to support her claims about the content of those documents. Compl. ¶¶ 88-91. Central to Plaintiff's claim that the Westwood Fund underperformed is a comparison between the Westwood Fund and its alternatives, including the one Plaintiff herself makes to the DFA Fund. *Id.* ¶ 111. This Court should take judicial notice of both prospectuses attached as exhibits to SEC filings. *Davis v. Salesforce.com*, No. 20-cv-01753, 2020 WL 5893405, at *1 n. 2 (N.D. Cal. Oct. 5, 2020) (taking judicial notice of "prospectuses for funds referenced in the complaint").

> ### C. Publicly Available Webpages Reflecting the Current State of the Market Are Judicially Noticeable.

This Court should also take judicial notice of the three articles from Morningstar. As set forth above, courts may take judicial notice of publicly available documents where the facts they contain are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Studen*, 2024 WL 2209686, at *6 (citing Fed. R. Evid. 201(b)). Here, the Morningstar articles are publicly available and are cited solely for the details they provide regarding the current state of the market. The status of the market are facts "not subject to reasonable dispute" and are "generally known." Accordingly, these three Morningstar articles are proper subjects of judicial notice.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

### D.    Publicly Available Industry Sources Are Properly Subject to Judicial Notice.

Similarly, this Court should take judicial notice of the other internet sources cited by Defendants, namely an Investopedia article explaining what the Russell 3000 Index is and a Brightscope and Investment Company Institute report, which Plaintiff references in her Complaint. Courts in this Circuit have regularly taken judicial notice of definitions from the Investopedia Website. *See Terraza*, 241 F.Supp.3d at 1066-1067 (taking judicial notice of "definitions of separately managed accounts and collective instrument trusts"). Here, the Investopedia article merely defines the Russell 3000 index and the distinctions between a small-cap and large-cap index. These definitions are for commonly known terms that are not subject to reasonable dispute. Accordingly, judicial notice of the article is appropriate because the article is publicly available, its accuracy cannot be reasonably questioned, and it defines a generally known term. Moreover, this Court should take judicial notice of the 2022 Brightscope and Investment Company Institute's Plan Profile. This report is publicly available and not subject to reasonable dispute. In her Complaint, Plaintiff directly cites Brightscope and Investment Company Institute's Plan Profile to argue the Westwood Funds expense ratio is unreasonably high. *See* Compl. ¶¶ 119-120. However, Plaintiff references a study from 2019. *See id.* ¶ 120. The 2025 edition based on 2022 data, which is the most recent version issued during the proposed class period, is therefore plainly central to Plaintiff's claims regarding the Plan's expenses and appropriate for judicial notice. Therefore, this Court should consider the Investopedia article and the Brightscope and Investment Company Institute's report in deciding Defendants' Motion to Dismiss Plaintiff's Complaint.

### CONCLUSION

For all of the foregoing reasons, this Court should grant Defendants' Motion for Judicial Notice and Incorporation by Reference in its entirety.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

DATED this 7th day of May, 2026.

BYRNES KELLER CROMWELL LLP

*/s/ Bradley S. Keller*
Bradley S. Keller, WSBA #10665

*/s/ Paul R. Taylor*
Paul R. Taylor, WSBA#14851
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
bkeller@byrneskeller.com
ptaylor@byrneskeller.com

WILLKIE FARR & GALLAGHER LLP

*/s/ Craig C. Martin*
Craig C. Martin (admitted *pro hac vice*)
Amanda S. Amert (admitted *pro hac vice*)
Kimberly Jones (admitted *pro hac vice*)
300 North LaSalle Drive
Chicago, IL  60654
Tel: (312) 728-9000
Fax: (312) 728-9199
cmartin@willkie.com
aamert@willkie.com
kjones@willkie.com

*Attorneys for Defendants*

**CERTIFICATION:**  The above signature also certifies that this memorandum contains 4,086 words, in compliance with the Local Civil Rules.

DEFENDANTS' REQ. FOR JUDICIAL NOTICE ETC. ISO MOT.
TO DISMISS (NO. 2:26-cv-00736-JHC) - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000