UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RENEE KVEK, individually and as a representative of a class of all others similarly situated and on behalf of the Cushman & Wakefield 401(k) Plan,

Plaintiff,

v.

CUSHMAN & WAKEFIELD, U.S., INC., CUSHMAN & WAKEFIELD INVESTMENT COMMITTEE, and JOHN and JANE DOES 1-20,

Defendants.

CASE NO. 2:26-cv-00736-JHC

ORDER

# I

# INTRODUCTION

This matter comes before the Court on Defendants' motion to transfer venue. Dkt. # 25. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the motion.

## II

## BACKGROUND

Plaintiff filed this putative class action against Defendants, claiming violations of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132(a)(2), (a)(3). *See* Dkt. # 1. Plaintiff alleges that she is a former employee of Defendants, participated in an ERISA 401k plan offered by Defendants, is fully vested in her plan account, and suffered a financial injury through Defendants' investment decisions concerning that plan. *See id.* ¶¶ 22–24. Defendants are headquartered in Chicago, Illinois, from where they administer the pertinent ERISA plan. *Id.* ¶¶ 25–29. The contracts establishing the plan were executed in Missouri and Alabama. *See* Dkt. # 26 ¶¶ 6–7, 11.

Defendant Cushman & Wakefield delegated the management of the ERISA plan to its Investment Committee (also named as a Defendant), which is also based in Illinois. *Id.* ¶ 31. Defendants represent that two of the Committee's three current members reside in Illinois, and of the former Committee members during the pertinent class period, two of the three reside in Illinois. *See* Dkt. # 26 at 159–61. The remaining two Committee members reside in New York and New Jersey. *Id.* Plaintiff represents that she "intends to name all current and former Investment Committee members as Defendants." Dkt. # 39 (citing Dkt. # 1 ¶¶ 32–33). Four other employees of Defendants identified as "potential witnesses," including the head of employee benefits, a director, and two managers, reside in Alabama and Missouri. Dkt. # 26 at 160–61.

Defendants seek a transfer to the Northern District of Illinois. *See generally* Dkt. # 25.

## III

## DISCUSSION

A. Legal Standard

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The section's purpose "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). The movant bears the burden justifying transfer. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 n.5 (9th Cir. 2000).

First, the movant must demonstrate that the proposed transferee district is one where the action could have been brought originally. *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (citing 28 U.S.C. § 1404(a)). If that requirement is met, courts in the Ninth Circuit weigh nine factors in determining whether to grant the motion:

> (1) the location where the relevant agreements were negotiated and executed,
> (2) the state that is most familiar with the governing law,
> (3) the plaintiff's choice of forum,
> (4) the respective parties' contacts with the forum,
> (5) the contacts relating to the plaintiff's cause of action in the chosen forum,
> (6) the differences in the costs of litigation in the two forums,
> (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses,
> (8) the ease of access to sources of proof, and
> (9) the public policy of the forum state.

*Jones*, 211 F.3d at 498–99 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–31 (1988)).

B. Analysis

Because it appears that this action could have been brought in the Northern District of Illinois[1] and Plaintiff makes no argument in opposition, the Court considers the threshold element satisfied and turns to the nine *Jones* factors.

The first factor favors transfer because the ERISA plan at issue is administered from Illinois, not Washington. *See* Dkt. # 1 ¶ 27; Dkt. # 26 ¶ 5 (declaration of Kari Ortbals, head of benefits of Cushman & Wakefield)[2]. Plaintiff fails to distinguish Defendants' cited cases transferring ERISA cases out of this District on this basis. *See, e.g.*, *Case v. Generac Power Sys., Inc.*, 2021 WL 4033299, at *4 (W.D. Wash. Sept. 3, 2021) (transfer proper since plan administered from Wisconsin); *Mayfield v. ACE Am. Ins. Co.*, 2019 WL 2084489, at *2 (W.D. Wash. May 13, 2019) (transfer proper since plan administered from Georgia).

Both parties agree that the second factor is neutral since both Washington and Illinois courts can apply ERISA. *See* Dkt. # 25 at 13–14; Dkt. # 39 at 10–11.

The third factor does not favor transfer, since Plaintiff chose to bring this action in Washington. However, Plaintiff seeks to represent a class, and when an individual "represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

---

[1] Under ERISA's jurisdictional provision, civil enforcement actions "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]" 29 U.S.C. § 1132(e)(2). As detailed above, the plan is administered from Chicago, where the alleged breach apparently took place. This action could therefore have been brought in the Northern District of Illinois.

[2] The Court "may consider evidence outside the complaint to decide a motion to transfer venue." *Seattle Powersports LLC v. Harley-Davidson Motor Co. Inc.*, 2019 WL 7878588, at *13 (W.D. Wash. Oct. 25, 2019) (collecting cases), *report and recommendation adopted*, 2020 WL 606686 (W.D. Wash. Feb. 7, 2020).

The fourth and fifth factors, which the parties brief together, favor transfer. Plaintiff's only argument on these factors is based on a contention that the breach occurred in this District because it is where Plaintiff expects to receive benefits. *See* Dkt. # 39 at 11–12 (citing *Shields v. Am. Mar. Officers Pension Plan*, 2007 WL 9775501, at *1 (W.D. Wash. Jan. 8, 2007)). But Defendants point to many other facts tying the alleged breach to Illinois. The plan investment decisions were made in Illinois. *See* Dkt. # 26 ¶ 8. And Plaintiff predominantly challenges how the administrators made investment decisions, weakening her argument regarding breach location. Thus, as Defendants point out, the issues in the case "have more to do with" them rather than Plaintiff. *See* Dkt. # 44 at 11 (citing *Mayfield*, 2019 WL 2084489, at *2). Likewise, the connections to Plaintiff's chosen district are weaker, since most potential class members do not reside in Washington. *See* Dkt. # 26 ¶ 19 (1.6% of Plan participants reside in Washington; 6% reside in Illinois).

The Court considers the sixth factor, concerning litigation costs, neutral. The parties agree that the main expense will be costs associated with interviewing potential witnesses, a plurality of whom are based in Illinois or nearby in St. Louis, Missouri (none are based in Washington). *See* Dkt. # 26 at 159–61. But Plaintiff points out that for time-consuming (and expensive) depositions, she bears the burden of traveling to the witnesses' jurisdiction. Dkt. # 39 at 13 (citing *Goldiner v. Datex-Ohmeda Cash Balance Plan*, 2008 WL 11343343, at *2 (W.D. Wash. June 4, 2008)). These two points suggest that the factor is neutral.

The seventh factor favors transfer because more nonparty witnesses are located within the 100-mile subpoena range of the Northern District of Illinois. *See* Fed. R. Civ. P. 45(c)(1)(A). Plaintiff contends that few of these nonparty witnesses will remain nonparties and that she

intends to name them as defendants. *See* Dkt. # 39 at 13–14. But of the three former committee members disclosed by Defendants, two reside in the Northern District of Illinois. Dkt. # 26 at 160. And if they are named as Defendants, they would still have stronger connections to the Northern District of Illinois, since the committee administered the plan from Chicago.

The eighth factor does not favor transfer because, as Plaintiff says, "[e]lectronic documents may be easily transported." Dkt. # 39 at 14 (citing *Johnson v. Russell Invs. Tr. Co.*, 2022 WL 782425, at *3 (W.D. Wash. Mar. 15, 2022)).

The ninth factor concerns public policy. Defendants argue that it favors transfer because Illinois, where Cushman & Wakefield is based and from where the plan at issue was administered, has an "interest in having localized controversies decided at home." Dkt. # 25 at 19 (citing *Weyerhaeuser Co. v. AIG Prop. Cas. Inc.*, 2021 WL 1575364, at *9 (W.D. Wash. Apr. 22, 2021) (citation modified)). Plaintiff concedes that "both Washington and Illinois possess legitimate interests in this litigation" but that public policy nevertheless weighs against transfer due to the greater level of court congestion in the Northern District of Illinois. *See* Dkt. # 39 at 15; *id.* (citing *Scott v. Carr*, 2020 WL 3639637, at *5 (W.D. Wash. July 6, 2020) (citation omitted)). But the Court determines that court congestion, a problem as it may be, does not override the other substantive connections that Defendants have to Illinois. *See Johnson*, 2022 WL 782425, at *5 (concluding that the public policy factor weighed in favor of transfer since ERISA defendant had greater ties to transferee venue). Nor has Plaintiff identified authority where a court determined that court congestion overrode the other facts showing ties to the proposed transferee district.

In summary, the first, fourth, fifth, seventh, and ninth factors favor transfer, the second and sixth are neutral, and the third and eighth weigh against transfer. As to the third factor, even assuming that Plaintiff's choice of forum is entitled to great deference as she urges (Dkt. # 39 at 8–10), this would not tip the balance in her favor given the remaining factors. Accordingly, the Court concludes that Defendants have carried their burden to show that transfer is appropriate under the convenience standard of 28 U.S.C. § 1404(a).

## IV

## Conclusion

For the reasons above, the Court GRANTS Defendants' motion (Dkt. # 25) and ORDERS that this action be TRANSFERRED to the United States District Court for the Northern District of Illinois.

Dated this 23rd day of July, 2026.

John H. Chun

John H. Chun
United States District Judge